# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SESSING, | Case No. 1:13-cv-01684-LJO-MJS (PC) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR AN ORDER THATCSATF ACCOUNTING OFFICE PROVIDE A CERTIFIED TRUST ACCOUNT STATEMENT** |
| v. | |
| JEFFREY BEARD, et al., | |
| Defendants. | **(ECF No. 7)** |

Plaintiff is a state prisoner incarcerated at the California Substance Abuse and Treatment Facility at Corcoran, California ("CSATF") proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This matter is in the screening phase.

Before the Court is Plaintiff's request that the Court order the CSATF accounting office to provide him a certified trust account statement in support of his request for in forma pauperis status. Plaintiff argues he has not received the statement despite repeated requests to the CSATF accounting office.

Plaintiff's motion, construed as a request for affirmative injunctive relief, shall be denied. The Court has no jurisdiction over the CSATF accounting office. It is neither a party to this action nor charged with acting in concert with a party. Even if the contrary were true, Plaintiff must also show he has exhausted available administrative procedures for undertaking to retrieve his statement.

1

Additionally, Plaintiff has not shown the existence of any of the criteria for injunctive relief, i.e., (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in Plaintiff's favor. Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury). The deadline for Plaintiff to provide the certified trust account statement to the Court is December 26, 2013. Plaintiff identifies no hardship he might suffer absent injunctive relief. Nothing before the Court suggests a present need for and entitlement to injunctive relief.

Nevertheless, the CSATF Litigation Coordinator is requested to inquire into the status of Plaintiff's request for certified trust account statement. The Clerk of the Court is directed to serve a copy of this order on the CSATF Litigation Coordinator via facsimile at (559) 992-7191.

Accordingly, for the reasons stated, Plaintiff's motion the Court order the CSATF accounting office to provide him a certified trust account statement (ECF No. 7) is DENIED without prejudice.


IT IS SO ORDERED.

Dated:   December 2, 2013           /s/ Michael J. Seng

                                 UNITED STATES MAGISTRATE JUDGE