UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SESSING, | Case No. 1:13-cv-01684-LJO-MJS (PC) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO FILE AMENDED PLEADING** |
| v. | **(ECF No. 22)** |
| JEFFREY BEARD, et al., | |
| Defendants. | |

## I.    PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The First Amended Complaint was dismissed for failure to state a claim. Plaintiff's motion to amend his Second Amended Complaint was granted before that complaint was screened. His Third Amended Complaint is now before the Court for screening.

On February 27, 2015 Plaintiff moved again for leave to amend, and to submit his Fourth Amended Complaint for screening. (ECF No. 22.)

## II.    ANALYSIS

Plaintiff's sole reason for amending his complaint is that he would like to replace K. Smith with her successor, J. Braggs, as a defendant.  Because this proposed amendment would be unnecessary and futile in light of the official-capacity nature of Plaintiff's claims,

1

the Court will DENY Plaintiff's motion. The Court explains its reasoning in more detail below.

## A. Legal Standard

The decision to grant or deny leave to amend pleadings is within the trial court's discretion. Swanson v. U.S. Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996); United States v. Cnty. of San Diego, 53 F.3d 965, 969 n.6 (9th Cir. 1995). A party seeking leave to amend pleadings must demonstrate that amendment is proper under Federal Rule of Civil Procedure 15. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 15(a)(2), the court should freely give leave to amend a pleading "when justice so requires." The Court should apply this policy "with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990)). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962).

However, a district court may deny leave to amend where there is "'any apparent or declared reason' for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991) (quoting Foman, 371 U.S. at 182). These factors are not to be given equal weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. Id. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

## B. Plaintiff's Motion to Amend

Here, Plaintiff's proposed amendment would be futile. The only reason he gives for

2

amending is that Defendant Smith has left her position as CPM, or "head of chaplains," at Corcoran Substance Abuse Treatment Facility, and therefore that he would like to replace her in his pleadings with her successor, Ms. Braggs.  However, Plaintiff's Third Amended Complaint specifies that he is suing Defendants in their official capacity. (ECF No. 20, at 3.) Because a suit against a state official in her official capacity is treated as a suit against the State, in which the "real party in interest… is the governmental entity and not the named official," when such named official leaves office, "[her] successor automatically assumes [her] role in the litigation." Hafer v. Melo, 502 U.S. 21, 25 (1991); see also Hartmann v. CDCR, 707 F.3d 1114, 1127 (9th Cir. 2013).  Here, Ms. Braggs will automatically replace Ms. Smith as a defendant in this suit without his having to file anything.  Allowing Plaintiff leave to amend to include her would thus be duplicative and serve no useful purpose. Therefore the Court DENIES the Motion to Amend.  The Court will proceed with screening of Plaintiff's Third Amended Complaint.

**III.     ORDER**

    For the reasons stated, it is HEREBY ORDERED that Plaintiff's motion for leave to file an amended complaint (ECF No. 22) is DENIED.


IT IS SO ORDERED.

    Dated:    March 3, 2015         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28