UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SESSING,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01684-LJO-MJS (PC)<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS AND ORDERING PLAINTIFF TO FILE AN AMENDED COMPLAINT**<br><br>**(ECF No. 32)**<br><br>**AMENDED COMPLAINT DUE WITHIN 30 DAYS** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. He has declined Magistrate Judge jurisdiction. (ECF No. 5.)

The Court screened Plaintiff's Third Amended Complaint and issued findings and a recommendation that the complaint be dismissed with prejudice for failure to state a claim. (ECF No. 25.)

Plaintiff filed objections to the findings and recommendation and in doing so clarified factual issues underlying some religious claims in his Third Amended Complaint (ECF No. 18). The Third Amended Complaint suggested that Plaintiff was basing his claims on the prison's failure to furnish his religious group – the Asatru/Odinists – with a worship area (including a fire pit) off-limits to other religions. He outlined his spiritual objections to

1

worshipping in the same area as Native Americans, who do have use of a fire pit. However, Plaintiff did not specify whether Odinists were permitted to use the Native Americans' firepit.  In his objections, Plaintiff now indicates that he "is not permitted access to a fire pit" and that Native American worshippers have "exclusive" use of the "outdoor ceremonial enclosure" that contains the fire pit. (ECF No. 32, at 5.)  He states his willingness to use a shared "multi-faith pagan worship area." (ECF No. 32, at 13.)

The arbitrary denial of use of the Native American fire pit could potentially present Free Exercise, Establishment Clause, RLUIPA, and Equal Protection problems. Rouser v. White, 707 F.Supp.2d 1055, 1066-1067 (E.D. Cal. 2010)(preventing Wiccans from using fire pit, while allowing Native Americans to use it, potentially violated Free Exercise, Establishment, and Equal Protection Clauses); Avery v. Elia, No. 2:11-cv-03341 2013 WL 4407266 (E.D. Cal. Aug. 15, 2013)(same). Therefore, the Court will provide Plaintiff a final opportunity to amend his complaint to plead sufficient facts to support such claims.  Plaintiff should clarify when, how  and under what circumstances and in what manner he sought and was denied access to the Native American worship area, and what reasons, if any, he was given for the denial, and who denied him such access.

Plaintiff also mentions that the current setup of the Native American worship area is not suitable for Odinist worship, at least in part because it lacks an altar.  Plaintiff should explain the alleged inadequacies in more detail and describe what modifications could be implemented to facilitate Odinist ceremonies.

The Court reminds Plaintiff that prisons need not provide identical treatment and resources to all religious groups to satisfy constitutional requirements. Allen v. Toombs, 827 F.2d 563, 568 (9th Cir. 1987)(citing Cruz v. Beto, 405 U.S. 319, 322 (1972)).  While an adherent of a minority religion must be given "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional

2

religious precepts," not every religious sect or group is entitled to "a special chapel or place of worship." Cruz, 405 U.S. at 322 n. 2.

Based on the foregoing, the Court will vacate its Findings and Recommendation (ECF No. 25) and permit Plaintiff to file a Fourth Amended Complaint to present claims based on Odinists' inability to use the fire pit at CSATF.

The Court HEREBY ORDERS as follows:

1. The Findings and Recommendations issued March 30, 2015 (ECF No. 25) are VACATED;
2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Third Amended Complaint filed June 20, 2014;
3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and
4. If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   May 28, 2015                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE