UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SESSING,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.,<br><br>        Defendants. | Case No. 1:13-cv-01684-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br><br>**(ECF No. 38)** |

## I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Findings and recommendations addressing the claims in Plaintiff's Fourth Amended Complaint are currently pending. Before the Court is Plaintiff's motion for leave to file a Fifth Amended Complaint. (ECF No. 38).

The Court originally issued findings and recommendations to dismiss Plaintiff's Third Amended Complaint with prejudice on March 30, 2015. (ECF No. 25.) In response to Plaintiff's objections (ECF No. 32), however, the Court vacated the findings and recommendations and permitted Plaintiff to file an amended complaint. (ECF No. 33.) After Plaintiff filed his Fourth Amended Complaint (ECF No. 34), the Court issued new findings and recommendations on June 29, 2015, recommending that service proceed on Plaintiff's Equal Protection claim and that his First Amendment and RLUIPA claims be dismissed. (ECF No. 35.) Plaintiff has been granted two extensions of time to file objections

to the findings and recommendations (ECF Nos. 37 & 40), and his objections are due on September 30, 2015.  He filed his motion to amend the complaint on August 5, 2015. (ECF No. 38.)

## II.     MOTION TO AMEND

Plaintiff's basis for amending his complaint is that he "possesses evidence" that "will highlight the essential nature of a fire pit within the practice of Odinism," and thus presumably support reevaluation of the RLUIPA and/or First Amendment claims that the Court has found to be non-cognizable under the circumstances alleged. (ECF No. 38, at 1.) However, Plaintiff also indicates that he is willing to include the "evidence" in his objections, "if the Court makes it clear it will accept new evidence in objections to the magistrate's findings and recommendations." (Id.)

## III.    DISCUSSION

The Court does not consider "evidence" in screening orders or in the objections thereto, but, instead analyzes the adequacy of factual allegations, all of which are taken as true at this stage of litigation. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face")(citations omitted); see also Maldonaldo v. Yates, No. 1:11-cv-01885, 2013 WL 2457479, at *1 (E.D. Cal. June 6, 2013 (withdrawing findings and recommendations where plaintiff alleged new facts in objections).

Meanwhile, 28 U.S.C. § 636(b)(1) expressly allows any party to object to a magistrate judge's findings and recommendations, and requires a district judge to make a *de novo* determination of the portions of findings and recommendations to which objection is made.  In other words, Plaintiff is free to object – on factual or legal grounds – to any part of the Court's June 29, 2015 findings and recommendations, and the district judge is required, by law, to consider Plaintiff's objections in determining whether or not to adopt the

findings and recommendations.  In addition, the magistrate judge may, in response to information in a party's objections, vacate its own findings and recommendations, as this Court did after reviewing Plaintiff's objections to its March 30, 2015 findings and recommendations. (ECF No. 33.)

Insofar as it appears that Plaintiff's only basis for amending his complaint is concern that his objections will not be considered, the Court advises him that 28 U.S.C. § 636(b)(1) directs consideration of his objections, including whether they raise new legal or factual issues.  Therefore, the Court will deny Plaintiff's motion to amend.

**IV.    ORDER**

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for leave to file an amended complaint (ECF No. 38) is DENIED.

IT IS SO ORDERED.

Dated:    September 3, 2015              /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE