UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SESSING,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01684-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>**(ECF No. 42)** |

### I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Findings and recommendations addressing the claims in Plaintiff's Fourth Amended Complaint have been issued and are subject to twice-extended deadlines for objecting to them. Before the Court is Plaintiff's second motion for leave to file a Fifth Amended Complaint. (ECF No. 38).

The Court originally issued findings and recommendations to dismiss Plaintiff's Third Amended Complaint with prejudice on March 30, 2015. (ECF No. 25.) In response to Plaintiff's objections (ECF No. 32), however, the Court vacated the findings and recommendations and permitted Plaintiff to file an amended complaint. (ECF No. 33.) After Plaintiff filed his Fourth Amended Complaint (ECF No. 34), the Court issued new findings and recommendations June 29, 2015, recommending that service proceed on Plaintiff's Equal Protection claim and that his First Amendment and RLUIPA claims be

1

dismissed. (ECF No. 35.) Plaintiff has been granted two extensions of time to file objections to the findings and recommendations (ECF Nos. 37 & 40), and his objections are due on September 30, 2015.  The Court denied his first motion to amend the complaint on September 3, 2015. (ECF No. 41.)  Plaintiff filed the instant motion on September 14, 2015. (ECF No. 42.)

## II.     MOTION TO AMEND

Plaintiff's basis for amending his complaint is that Defendants have made unspecified changes to prison policies regarding inmate religious activities and that his rights continue to be violated. Plaintiff appears to have filed the second motion to amend before receiving the Court's order denying his first one because he writes that "the Court has not ruled on Plaintiff's Motion for Leave to Amend." (ECF No. 42, at 1.)

## III.    DISCUSSION

As the Court noted in its order denying Plaintiff's first motion to amend (ECF No. 41), 28 U.S.C. § 636(b)(1) expressly allows any party to object to a magistrate judge's findings and recommendations, and requires a district judge to make a *de novo* determination of the portions of findings and recommendations to which objection is made.  In other words, Plaintiff is free to object – on factual or legal grounds – to any part of the Court's June 29, 2015 findings and recommendations, and the district judge is required, by law, to consider Plaintiff's objections in determining whether or not to adopt the findings and recommendations.  In addition, the magistrate judge may, in response to information in a party's objections, vacate its own findings and recommendations, as this Court did after reviewing Plaintiff's objections to its March 30, 2015 findings and recommendations. (ECF No. 33.)

Insofar as Plaintiff now possesses additional facts supporting his original claims, the Court reminds him that 28 U.S.C. § 636(b)(1) requires consideration of his objections,

including whether they raise new factual issues: therefore Plaintiff may bring these additional facts to the Court's attention in his objections.

Insofar as Plaintiff alleges that new constitutional violations by new defendants have occurred as a result of prison policy changes, Plaintiff may bring such claims in a separate lawsuit. Federal Rule of Civil Procedure 20(a)(2) only permits a plaintiff to sue multiple defendants in the same action if at least one claim against each defendant arises out of the same "transaction, occurrence, or series of transactions or occurrences" and there is a "question of law or fact common to all defendants." If defendants were involved in separate transactions that allegedly violated Plaintiff's rights, Plaintiff must vindicate these distinct violations in separate lawsuits.

Just because claims are premised on the same *type* of constitutional violation(s) does *not* make them factually related. Claims are only related when they are based on the same precipitating event or on a series of events caused by the same precipitating event. Thus, in order to bring claims arising out of policy changes made *after* Plaintiff filed his original complaint, Plaintiff must be able to show that these policy changes were the result of some event or transaction that *also* gave rise to his original claims. Otherwise, he is free to file a separate lawsuit addressing new violations of his religious rights.

For the foregoing reasons, the Court will deny Plaintiff's motion to amend.

**IV.    ORDER**

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for leave to file an amended complaint (ECF No. 42) is DENIED.

IT IS SO ORDERED.

Dated:    September 16, 2015              /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

3