UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SESSING<br><br>    Plaintiff,<br><br>v.<br><br>STU SHERMAN,<br><br>    Defendants. | **1:13-cv-01684-LJO-MJS (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A SUBPOENA DUCES TECUM**<br><br>**(ECF Nos. 58 & 60)**<br><br>**FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>**(ECF No. 59)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

## I.     INTRODUCTION

Plaintiff Nathan Sessing ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's June 19, 2015 fourth amended complaint against Defendants Sherman, Stainer, and Braggs for violating the Equal Protection Clause of the Fourteenth Amendment by failing to provide Plaintiff with appropriate religious accommodations. (ECF No. 34.)

1

## II. PLAINTIFF'S COMPLAINT

Plaintiff, a prisoner housed at the California Substance Abuse and Treatment Facility in Corcoran, California ("CSATF"), is a practitioner of Asatru/Odinism, an "earth-based," polytheistic religion originating in Northern Europe several thousand years ago.

According to Plaintiff, outdoor worship utilizing a fire pit, an altar, and a circle of stones is an essential part of Asatru/Odinism.  Fire plays an important role in the *blot*, which is a monthly Odinist ceremony in which objects are sacrificed to the deities.

There are designated outdoor pagan worship areas on each CSATF yard.  They are zoned off with orange cones during times of worship. These pagan grounds are available for use by all religious faith groups, including Odinists.

The Native Americans at CSATF have separate ceremonial worship grounds that include a fire pit. Plaintiff alleges that the Native Americans are the only religious group that has been granted these accommodations. He does not have access to the Native American worship area.  In any event, Plaintiff objects to sharing an outdoor worship space with other faiths, specifically Native Americans, because "that would transgress against their deities and his deities."

Pursuant to a memorandum dated January 20, 2015, an outdoor worship enclosure was constructed at CSATF for all interested inmates.  Plaintiff states that no Odinists were consulted in the construction of this enclosure.  Plaintiff refuses to use the enclosure because "it prevents the spirits of the land from communing with him" and he is not permitted to have a fire pit inside of it.  Plaintiff also states he will be harmed if he attempts to practice his religion in a space used by practitioners of different faiths.

On May 12, 2016,[1] Plaintiff states he and his fellow Odinists were ordered by prison staff to either use the enclosure provided or terminate their religious services. Plaintiff alleges he has suffered and continues to suffer irreparable harm from being unable to worship as he chooses.

---

[1] Plaintiff likely meant May 12, 2015. He describes later events as occurring in May 2015. (ECF No. 59.)

### III. MOTION FOR SUBPOENAS DUCES TECUM

On June 20, 2016, Plaintiff filed a subpoena duces tecum with the Court. It purports to direct CDCR Secretary Scott Kernan to produce records of policies at other CDCR institutions allowing practitioners of Odinism/Asatru access to a fire pit in an outdoor area solely for their use. (ECF No. 58). On July 5, 2016, Plaintiff filed a note addressed to the Clerk of Court asking the proper procedure for serving subpoenas. (ECF No. 60.)

The Court will construe these two filings (ECF Nos. 58 and 60) as a request to the Court to issue a subpoena directing CDCR Secretary Scott Kernan to turn over certain documents.

Pro se parties may be entitled to the issuance of a subpoena commanding the production of documents from a nonparty, subject to certain requirements. Fed. R. Civ. P. 26(b), 34(c), 45. The Court will consider granting such a request only if the documents sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendant through a request for the production. See Fed. R. Civ. P. 34. If Defendant objects to Plaintiff's discovery request, a motion to compel is the next step. If the Court rules that the documents are discoverable but Defendant does not have care, custody, and control of them, Plaintiff may then seek a subpoena of a nonparty. Alternatively, if the Court rules that the documents are not discoverable, the inquiry ends.

The Court will not issue a subpoena for a nonparty without Plaintiff first following the procedure outlined above. The record does not indicate whether Plaintiff has sought the requested information through discovery requests to Defendants. Plaintiff certainly has not, in any event, filed a motion to compel Defendants to produce the requested documents. Accordingly, Plaintiff's motion for subpoenas duces tecum will be denied on this basis.

### IV. MOTION FOR A PRELIMINARY INJUNCTION

On June 29, 2016, Plaintiff also moved for a preliminary injunction directing Defendants to allow Plaintiff to worship in a place of his choosing in the exercise yard

during normal programming hours as dictated by chapel staff. (ECF No. 59.)

"A preliminary injunction is an extraordinary remedy never awarded as of right," Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). Alternatively, a preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added). In addition, in cases brought by prisoners involving conditions within the prison, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Here, Plaintiff has failed to show that he is likely to succeed on the merits. While the Court has screened his complaint, it found only that if all of the facts alleged were proven true, he had stated a claim for which relief could be granted. Those facts have not been proven and Defendants' February 8, 2016 Answer (ECF No. 50) puts them and Plaintiff's right to proceed in issue.

In addition, while Plaintiff may have shown he is under threat of suffering an "injury in fact" because he risks "spiritual or psychological harm" in the absence of an

appropriate place to worship, <u>Cath. League for Religious & Civ. Rights v. City & Cty. of San Francisco</u>, 624 F.3d 1043, 1050 (9th Cir. 2010), there is nothing to suggest such harm is irreparable. In any event, absent a showing as to the other factors, this threat, standing alone, is insufficient to warrant injunctive relief. See <u>Johnson v. Cal. State Bd. of Accountancy</u>, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, at this early stage in the litigation, there is nothing to tip the balance of equities in Plaintiff's favor. Second, while the public has an interest in providing prisoners with appropriate religious accommodations, the record before the Court does not justify the Court substituting its judgment in these matters for that of the prison staff, particularly where Plaintiff requests something as potentially hazardous as a fire pit.

In sum, Plaintiff has not demonstrated likelihood of success on the merits, likelihood of irreparable harm, the balance of equities in his favor, or that an injunction is in the public interest. <u>See</u> Fed. R. Civ. P. 65; Local Rule 231; <u>Winter</u>, 555 U.S. at 24.

Accordingly, the Court will recommend Plaintiff's motion for a preliminary injunction be denied.

## V.     CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Plaintiff's motion for a subpoena duces tecum (ECF Nos. 58 & 60) is DENIED.

Furthermore, IT IS HEREBY RECOMMENDED:

2. Plaintiff's motion for a preliminary injunction (ECF No. 59) be DENIED.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. Such a document should be captioned

5

"Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   July 16, 2016                        /s/ *Michael J. Seng*
                                                             UNITED STATES MAGISTRATE JUDGE