1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 NATHAN SESSING, | Case No.  1:13-cv-01684-LJO-MJS (PC) |
| 11 Plaintiff, | ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION TO SHORTEN TIME |
| 12 v. | (ECF No. 73) |
| 13 STU SHERMAN, et al., | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS FOR A PROTECTIVE ORDER |
| 14 Defendants. | |
| 15 | (ECF Nos. 70 & 81) |
| 16 | FOURTEEN DAY OBJECTION DEADLINE |
| 17 | |
| 18 | |

19

20

21

22

23

Plaintiff Nathan Sessing is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's June 19, 2015 fourth amended complaint against Defendants Sherman, Stainer, and Braggs for violating the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 34.). The parties have declined Magistrate Judge jurisdiction.

24

25

26

27

28

Pending before the Court are two motions by Plaintiff seeking "protective orders" enjoining Plaintiff's transfer from the California Substance Abuse and Treatment Facility ("SATF"). (ECF Nos. 70 & 81). Defendants have opposed these motions. (ECF No. 86.) Plaintiff has not replied. They are submitted. Local Rule 230(*l*).

Also before the Court is Plaintiff's *ex parte* motion to shorten time to rule on ECF No. 70. (ECF No. 73.)

## I.   Background

At all times relevant to this suit, Plaintiff was housed at the SATF in Corcoran, California.

Plaintiff is a practitioner of Asatru/Odinism, an Earth-based polytheistic religion originating out of Northern Europe. According to Plaintiff, "[o]utdoor worship utilizing a fire pit and specific facilities, [including an altar and a circle of stones] is a central part of Asatru, and the religion cannot be practiced without it." Plaintiff's fourth amended complaint alleges that Defendants violated his right to Equal Protection under the law when they denied him and other practitioners of Asatru/Odinism a designated outdoor worship area with a fire pit, despite allowing the same to practitioners of the Native American religion. Plaintiff seeks only declaratory relief and an injunction directing Defendants to construct an outdoor worship area for Odinists at SATF.

On August 15, 2016, Plaintiff filed his "Motion for a Protective Order and Emergency Relief" asking this Court to issue an order preventing his transfer from SATF to High Desert State Prison ("HDSP"). (ECF No. 70.) Plaintiff argues that since this case seeks only injunctive relief, to wit, the construction of a worship area at SATF, his transfer to a new institution may moot his claims for relief. If so, his suit may be dismissed and he could be left unable to recoup costs of suit and end up having to pay Defendants' costs.

On September 28, 2016, Plaintiff filed his "Motion for Emergency Relief" raising the same concerns and seeking to stop his transfer out of SATF. (ECF No. 81.)

On October 10, 2016, Defendants filed opposition to both motions. (ECF No. 86.) They note that as of the date of their opposition, Plaintiff had already been transferred to HDSP.   As such, his request to, in effect, enjoin his transfer was moot. Defendants

argue, alternatively, that the Court in any event lacks jurisdiction over non-party Institutional Classification Committee which recommended the transfer and, finally, that the relief sought exceeds that requested in Plaintiff's suit.

## II.   Legal Standard

Plaintiff characterizes his motions as requests for a protective order[1] to preserve his ability to litigate. See Phillips ex re. Estates of Byrd v. General Motoes Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002) (a party moving for a protective order must show that without it, he will be significantly impeded from litigating the action); see also Pope v. Garcia, No. CIV S-11-0101 LKK, 2012 WL 1552431, at *3 (E.D. Cal. Apr. 30, 2012) (noting that in contrast to a preliminary injunction, "[t]he focus of the harm in protective order situations is harm to the ability to litigate, not irreparable harm to the plaintiff.")

The Court construes Plaintiff's motions as a request to enjoin his transfer from SATF. He characterizes it as a request for an order necessary to prevent what he considers irreparable harm to himself, i.e., the dismissal of his lawsuit and the loss of his claim to recover litigation expenses. See Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984) ("A preliminary injunction . . . [is] a device for preserving the status quo and preventing the irreparable loss of rights before judgment."); see also U. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.")

Federal courts are courts of limited jurisdiction.  The pendency of this action does not give the Court jurisdiction over prison officials in general or over any interim relief requested that is not the subject of the operative complaint.  Summers v. Earth Institute, 555 U.S. 488, 492-93 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to

---

[1] Not to be confused with protective orders issued pursuant to Federal Rule of Civil Procedure 26(c).

the cognizable legal claims upon which this action is proceeding. <u>Summers</u>, 555 U.S. at 491-93; <u>Mayfield</u>, 599 F.3d at 969. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." <u>Zepeda v. United States Immigration Serv.</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

## III.   Discussion

The Court lacks jurisdiction to grant the relief Plaintiff seeks.

Plaintiff's lawsuit arises from an asserted lack of appropriate religious accommodations at SATF.  In the instant motions he seeks an order preventing his transfer to a different institution before his claims have been decided on the merits. Such relief reaches far beyond the scope of his complaint and is not "of the same character as may be granted finally." <u>De Beers</u>, 325 U.S. at 220. He has not, in any event, identified any right to be protected from dismissal of his claims on valid substantive grounds or to preservation of potential claims for costs of suit.

Plaintiff's request for an order preventing his transfer was, in any event, rendered moot by his transfer to HDSP on or before October 24, 2016.[2] <u>See</u> <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368 (9th Cir. 1995); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991).

Finally, it appears Plaintiff's transfer (following an assault by another prisoner) was for reasons of institutional security. Absent exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. <u>See e.g.</u>, <u>Overton v. Bazzetta</u>, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); <u>Sandin v. Conner</u>, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons).

The Court will therefore recommend denying Plaintiff's motions.

---

[2] <u>See</u> Pl.'s Notice of Change of Address (ECF No. 91) at 1.

**IV.    *Ex Parte* Request to Shorten Time**

Plaintiff asks that the Court rule on Plaintiff's Motion for a Protective Order and Emergency Relief prior to the expiration of the twenty-one day period for filing an opposition prescribed by Local Rule 230(*l*). (ECF No. 73.) The Court construes this as a request to shorten time pursuant to Local Rule 144(e).

Local Rule 144(e) requires that applications to shorten time set forth the circumstances claimed to justify the issuance of an order shortening time. *Ex parte* applications to shorten time will not be granted except upon an affidavit showing a satisfactory explanation for the need for the issuance of such an order and for the failure to obtain a stipulation for the issuance of such an order from the opposing party. Local Rule 144(e).

Here, Plaintiff has not provided a satisfactory explanation for the need to shorten time, other than to state that his motion is "time-sensitive" and Plaintiff will suffer irreparable harm if relief is not granted. The Court will assume that Plaintiff' was concerned that absent an order shortening time, his transfer would predate the Court's ruling and moot the motion. However, as noted above, the Court could not have granted the relief Plaintiff seeks.  Plaintiff's motion to shorten time will be denied.


**V.    Conclusion**

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's motion to shorten time (ECF No. 73) is DENIED.

Further, it is HEREBY RECOMMENDED that:

2.  Plaintiff's motions for a protective order, construed as motions for a preliminary injunction (ECF No. 70 & 81), be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and

Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   October 25, 2016                    /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE