UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SESSING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STU SHERMAN, et al.,<br><br>　　　　Defendants. | Case No.  1:13-cv-01684-LJO-MJS (PC)<br><br>**ORDER:**<br>　**1) CLARIFYING PROCEDURAL MATTERS; AND**<br>　**2) DENYING PLAINTIFF'S MOTION TO SUBSTITUTE UNNAMED DEFENDANTS**<br><br>**(ECF No. 80)**<br><br>**ORDER DIRECTING PLAINTIFF TO FILE AN OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION**<br><br>**(ECF No. 87)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Nathan Sessing is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The case proceeds on Plaintiff's June 19, 2015 fourth amended complaint against Defendants Sherman, Stainer, and Braggs in their official capacities for violating the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 34.) The parties have declined Magistrate Judge jurisdiction.

Pending before the Court is Plaintiff's "Motion for Clarification" in which he seeks

clarification on three separate procedural issues. (ECF No. 80.) Defendants have filed an opposition. (ECF No. 87.) Therein, Defendants ask this Court to dismiss Plaintiff's lawsuit for lack of subject matter jurisdiction. Plaintiff has not replied and the time to do so has passed.

## I. Background

On September 26, 2016, Plaintiff filed his "Motion for Clarification" of three matters. (ECF No. 80.)  Plaintiff first asks whether he must seek a certificate of appealability prior to appealing a "collateral order" to the Ninth Circuit. He next asks how best to obtain a "speedy" Court ruling on a time-sensitive or emergency motion. Finally, Plaintiff recently learned that Defendants Braggs and Stainer were no longer employed in their former positions at SATF. He would like to know the proper procedure for adding their successors to this lawsuit.

Defendants' opposition addresses Plaintiff's third request only. Defendants argue that Plaintiff's request to substitute new defendants for Defendants Braggs and Stainer should be denied as futile and Plaintiff's case should be dismissed in its entirety for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

## II. Motion for Clarification

The Court cannot and will not give legal advice to a litigant beyond pointing out deficiencies in his pleading on screening.

In this regard, Plaintiff was previously advised (see ECF No. 24 at 2-3) that having sued Defendants in their official capacities, departure of a Defendant causes his or her successor to be automatically substituted in the lawsuit. Hafer v. Melo, 502 U.S. 21, 25 (1991) Because a suit against a state official in his or her official capacity is treated as a suit against the state, in which the "real party in interest . . . is the governmental entity and not the named official," when such named official leaves office, "[his or her] successor automatically assumes [his or her] role in the litigation."); see also Hartmann v. CDCR, 707 F.3d 1114, 1127 (9th Cir. 2013). Therefore, to the extent

Plaintiff seeks to add Defendants Braggs and Stainer's successors to the lawsuit, his motion is unnecessary and will be denied. Once the Court has been informed of the names of the new Defendants, it will issue an order substituting them for Defendants Braggs and Stainer. Fed. Rule Civ. P. 25(d); Nelson v. Heiss, 271 F.3d 891, 897 n. 8 (9th Cir. 2001).

As to Plaintiff's other questions, Plaintiff is referred to existing rules and law. The procedures for filing an appeal of a district court order are outlined in Federal Rules of Appellate Procedure 3 and 4. Local Rule 230(*l*) sets forth the briefing schedule for motions in prisoner cases. The requirements for shortening time to hear a motion are set forth in Local Rule 144(e).

## III.     Defendants' Motion to Dismiss

Defendants imbed in their opposition to Plaintiff's motion for clarification a request that Plaintiff's lawsuit be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3). (ECF No. 87.) They contend that such a request may be made by informal "suggestion" rather than by formal motion. See 5C Fed. Prac. & Proc. Civ. § 1393 (3d ed.) ("no formal motion need be made in order to raise the subject matter jurisdiction issue. Rule 12(h)(3) provides that the defense may be interposed by informal "suggestion" rather than by motion."); see also Clissuras v. City Univ. of New York, 359 F.3d 79 (2d Cir. 2004) (suggestion in the form of a letter that court lacked subject matter jurisdiction was sufficient).

While it is true that a court must dismiss, at any time, an action over which it lacks subject matter jurisdiction, and may indeed do so *sua sponte* and without the filing of formal motion, Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981), fairness dictates Plaintiff be given an opportunity to respond to Defendants' arguments. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012). Thus, pursuant to Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the Court hereby notifies Plaintiff of the following rights and requirements for

3

opposing the motion:

1. Unless otherwise ordered, motions are briefed pursuant to Local Rule 230(*l*).

2. Plaintiff must file an opposition or a statement of non-opposition to Defendants' motion to dismiss. Local Rule 230(*l*). <u>If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, the undersigned may recommend this action be dismissed, with prejudice, for failure to prosecute</u>. The opposition or statement of non-opposition must be filed not more than twenty-one (21) days after the date of this Court's order. <u>Id.</u> No extensions of time will be granted absent a showing of good cause.

3. Defendants have moved to dismiss Plaintiff's case for lack of subject matter jurisdiction pursuant to Rule 12(h)(3). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must not be disregarded nor evaded." <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978). A challenge to jurisdiction "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." <u>Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.</u>, 343 F.3d 1036, 1039 n. 2 (9th Cir.2003). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him. <u>Fed'n of African Am. Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir.1996). If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint. Rather, he or she must come forward with evidence establishing jurisdiction. <u>Thornhill Publ'n. Co., Inc. v. Gen. Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979). Plaintiff bears the burden of proving that the Court has jurisdiction to decide his claim. <u>Id.</u>

To oppose a factual attack on jurisdiction, Plaintiff may present evidence in the form of declarations[1], written records, or portions of the record such as the complaint, deposition transcripts, or interrogatory answers, admissions, or other documents properly before the Court. If Plaintiff does not submit his own evidence in opposition, Defendants' evidence will be taken as true, and the Court may conclude that it lacks subject matter jurisdiction and recommend dismissing the case.

4. Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

5. The failure to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

## V. Conclusion

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to substitute Defendants (ECF No. 80) is DENIED as unnecessary;

2. Plaintiff must file an opposition or statement of non-opposition to Defendants' motion to dismiss for lack of subject matter jurisdiction (ECF No. 87) within twenty-one (21) days of this order; and

3. Failure to file an opposition or statement of non-opposition may result in the undersigned recommending this action be dismissed, with prejudice, for failure to prosecute.

IT IS SO ORDERED.

Dated:  October 31, 2016          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement is competent to testify. 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c)(4). A declaration must be dated and signed under penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746.

5