UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SESSING, | CASE NO. 1:13-cv-01684-LJO-MJS (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT LEAVE TO AMEND** |
| v. | |
| STU SHERMAN, et al., | **FOURTEEN DAY OBJECTION DEADLINE** |
| Defendants. | |

Plaintiff is a prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's June 19, 2015 fourth amended complaint ("FAC") against Defendants Sherman, Stainer, and Braggs for violating the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 34.). The parties have declined Magistrate Judge jurisdiction.

**I.   Procedural History**

Plaintiff initiated this action on October 18, 2013. (ECF No. 1.) On February 8, 2016, after being served with Plaintiff's FAC, Defendants answered. (ECF No. 50.) On February 9, 2016, a Discovery and Scheduling Order issued setting a discovery deadline of October 9, 2016 and a dispositive motion deadline of December 19, 2016. Because of the pendency of the instant motion and other matters, Defendants have moved to modify the Scheduling Order. (ECF No. 108.) That motion is pending.

On September 26, 2016, Plaintiff filed a Motion for Clarification of various procedural issues. (ECF No. 80.) On October 17, 2016, Defendants filed an opposition ("Def.'s Opp'n.") (ECF No. 87.) Therein, they suggested that the Court no longer had subject matter jurisdiction over the case and moved to dismiss it under Federal Rule of Civil Procedure 12(h)(3). (Id.) On November 1, 2016, Court directed Plaintiff to file a response. (ECF No. 94.) On December 1, 2016, Plaintiff filed his opposition to Defendants' motion to dismiss (hereafter "Pl.'s Opp'n"). (ECF No. 101.) Defendants filed a reply. (ECF No. 104.) The matter is submitted pursuant to Local Rule 230(*l*).

## II.   Facts

### A.   Allegations in Complaint

At all times relevant to this suit, Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. (Compl. (ECF No. 34) ¶ 2.) Defendant Sherman was then (and remains) the Warden of CSATF, Defendant Braggs the CSATF Community Partnership Manager, and Defendant Stainer the California Department of Corrections and Rehabilitation ("CDCR") Division of Adult Institutions Director. (Id. ¶¶ 7-9.) Plaintiff names all Defendants in their official capacities, and seeks only injunctive relief. (Id. ¶ 11.)

Plaintiff is a practitioner of Asatru/Odinism, an Earth-based polytheistic religion originating out of Northern Europe. (Id. ¶¶ 13-15.) According to Plaintiff, "[o]utdoor worship utilizing a fire pit and specific facilities, [including an altar and a circle of stones] is a central part of Asatru, and the religion cannot be practiced without it." (Id. ¶ 20.)

Pursuant to a 2010 memorandum signed by Defendant Sherman's predecessor, Warden Diaz, CSATF had an outdoor worship area available for all "pagan" groups that sought to use it, including Odinists. ("Jan. 20, 2010 Mem." (Compl. at 24)). This area was not permanently separated from the rest of the yard, but rather was sectioned off using cones during times of worship. (Id.) Plaintiff was dissatisfied with these common worship grounds because they lacked a fire pit, an altar, and a circle of stones. ("Inmate/Parolee Appeal" (Compl. at 12-13.))

The Native Americans at CSATF had access to a separate ceremonial worship area that included a fire pit. (Id. ¶ 20.) Plaintiff objected to sharing the Native American worship grounds and claimed he was not welcome there. (Id. ¶¶ 23-24.) He sought to have new, separate worship grounds constructed for Odinists. (Id. ¶ 27.) However, a 2012 memorandum signed by Defendant Stainer's predecessor, Kathleen Dickinson, prohibited the construction of any new worship grounds at CSATF. ("Oct. 19, 2012 Mem." (Compl. at 22.)) When Plaintiff filed a grievance complaining about the existing worship grounds and seeking the construction of a separate worship area with a fire pit, Defendant Braggs' predecessor, Cote, denied the request, citing the 2010 Memorandum. ("First Level Response" (Compl. at 16-17.))

Plaintiff filed suit against all Defendants in their official capacities seeking only an injunction directing Defendants to construct an outdoor worship area for Odinists at CSATF.

### B.     Facts Arising After Complaint

On December 3, 2013, the 2012 policy prohibiting the construction of new outdoor worship grounds was changed -- the Department of Adult Institutions authorized the construction of new worship grounds at all institutions. (See "Dec. 3, 2013 Mem. (ECF No. 84 at 33-34.)) Pursuant to a January 20, 2015 memorandum, in 2015 permanent outdoor worship grounds were constructed at CSATF. ("Jan. 20, 2015 Mem." (ECF No. 101 at 10-11); Decl. Arthur B. Mark in Supp. of Def.'s Opp'n ("Mark Decl."), Pl.'s Dep. (ECF No. 87-1, Ex. 1) at 56:9-20; 68:5-12.)

Moreover, on October 4, 2016, Plaintiff was transferred from CSATF to High Desert State Prison ("HDSP") in Susanville, California. (Mark Decl. Ex. 2.)

## III.    Dismissal for Lack of Subject Matter Jurisdiction

### A.     Legal Standard

Rule 12(h)(3) requires the Court to dismiss an action if it determines at any time that it lacks subject matter jurisdiction over the case. Fed. R. Civ. P. 12(h)(3). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon

federal jurisdiction, whether imposed by the Constitution or by Congress, must not be disregarded nor evaded." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Article III of the Constitution limits federal courts to adjudicating actual, ongoing controversies between litigants. See Deakins v. Mohaghan, 484 U.S. 193, 199 (1988). "When the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome" and there is no reasonable expectation that the challenged action will be repeated, the action is generally deemed moot. Lee v. Schmidt–Wenzel, 766 F.2d 1387, 1389-90 (9th Cir. 1985) (internal quotations and citations omitted). Mootness is a jurisdictional issue, thus "federal courts have no jurisdiction to hear a case that is moot." Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989 (9th Cir. 1999) (internal quotation marks omitted).

A challenge to jurisdiction "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty., 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint. Rather, he or she must come forward with evidence establishing jurisdiction. Thornhill Publ'n. Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Plaintiff bears the burden of proving that the Court has jurisdiction to decide his claim. Id.

Finally, courts "have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates." Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013). Thus, in the event the Court finds it lacks jurisdiction over the action, dismissal without leave to amend is improper "unless it is clear . . . that the complaint could not be saved by any amendment." Steckman v. Hart

Brewing, Inc., 143 F.3d 1293, 1296 (9th Cir.1998) (quoting Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.1996))

### B.     Parties' Arguments

Here, Defendants' jurisdictional challenge is factual. They argue that circumstances that arose after the filing of Plaintiff's complaint have rendered Plaintiff's claims moot. Defendants argue that Plaintiff's transfer to HDSP has nullified any interest he once had in the relief sought in this case, to wit, a change in policy permitting the construction of new worship grounds at CSATF. Moreover, even if Plaintiff were still housed at CSATF, the policy he complained of no longer exists.

Plaintiff does not dispute that he has been transferred. Nor does he dispute that the policy at issue has changed. He argues, however, that the policy regarding religious grounds applies to all CDCR institutions, not simply CSATF. Since the change in policy at CSATF applies to HDSP as well, and since Plaintiff contends the new policy still violates his Equal Protection rights, there remains a live controversy between the parties. According to Plaintiff, the new policy explicitly bans access to fire pits, yet Native American inmates are still permitted to use them. Plaintiff also argues that the worship areas constructed under the new policy, which are fenced in, are unacceptable to Plaintiff's worship needs as they "confine[] energy that does not harmonize with Odinist rites." Plaintiff also believes the new policy was enacted in retaliation for the instant lawsuit.

### C.     Discussion

The Court finds Plaintiff's suit to enjoin application of the 2012 policy at CSATF has been rendered moot by his subsequent transfer from CSATF and the replacement of the 2012 policy with a new and different one. Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 521 (9th Cir. 1999) ("If there is no longer a possibility that [Plaintiff] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."); Lee, 766 F.2d at 1389-90. Plaintiff claims in this action that the 2012 policy violated his equal protection rights, and he seeks construction of an outdoor worship area at CSATF.

However, the policy is no longer in effect and the construction of an outdoor worship area at CSATF would be of no benefit to Plaintiff because he is no longer housed there.. The only issue remaining is whether amendment would cure this defect. The Court believes it would not.

If Plaintiff were allowed to amend to state the claims he sets forth in his opposition, he would be challenging: (1) a different policy (2) as applied in a different institution (3) by different Defendants. This effectively creates an entirely new case, and the proper course would be for Plaintiff to file his claims in a new lawsuit. Fed. R. Civ. P. 20(a)(2) (a plaintiff may only sue multiple defendants in the same action if at least one claim against each defendant arises out of the same "transaction, occurrence, or series of transactions or occurrences" and there is a "question of law or fact common to all defendants."); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Ins. Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980).

Plaintiff attempted over a year ago to amend his complaint to reflect the changes in policy referenced here. (Pl.'s Mot. for Leave to File Am. Compl. (ECF Nos. 38 & 42.)) The Court denied Plaintiff's request, advising him that alleged new constitutional violations by new defendants under new policies belonged in a separate suit. (Order Den. Leave to Am. (ECF No. 43)) (citing Fed. R. Civ. P. 20(a)(2)). At that time, Plaintiff provided no details about the policy changes or how they affected his rights. Now that he has, it is clear that Plaintiff's newly asserted claims belong in a separate action.

**IV. Conclusion**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be DISMISSED for lack of jurisdiction; and
2. Leave to amend be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   December 19, 2016              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE