UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SESSING,<br><br>    Plaintiff,<br><br>v.<br><br>STU SHERMAN, et al.,<br><br>    Defendant. | **1:13-cv-01684-LJO-MJS (PC)**<br><br>**ORDER ON PLAINTIFF'S POST-TERMINATION MOTIONS**<br><br>**(ECF Nos. 118, 120, 123, 127, & 128)**<br><br>**CLERK TO TERMINATE ALL PENDING MOTIONS** |

**I.   Procedural History**

Plaintiff is a prisoner who proceeded pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983 alleging the violation of his First Amendment free exercise rights. His claim arose from the promulgation of a policy which prohibited the construction of new worship grounds at the California Substance Abuse Treatment Facility ("CSATF"), which prevented Plaintiff from exercising his outdoor, fire-centric Odinist religion. (ECF No. 34)

On December 20, 2016, the Magistrate Judge assigned to the case issued findings and recommendations ("F&R") to dismiss Plaintiff's case without leave to amend for lack of jurisdiction. (ECF No. 110.) The dismissal was based on the fact that the

1

policy Plaintiff challenged had since been discontinued, as well as the fact that Plaintiff had since been transferred from the offending institution. (Id.) As Plaintiff sought only injunctive relief, subsequent events had rendered Plaintiff's claims moot. (Id.) The parties were granted fourteen days to file their objections. On January 9, 2017, having received no objections, the undersigned adopted the findings and recommendations in full and dismissed the case. (ECF No. 116.) Judgement was entered that same day. (ECF No. 117.)

Plaintiff then submitted numerous post-termination motions and filings to the District Court:

1) On January 9, 2017, Plaintiff filed a motion for an extension of time to file objections to the Magistrate Judge's F&R (ECF No. 118), and on February 13, 2017, filed his objections (ECF No. 122);

2) On February 6, 2017, he filed a motion to alter or amend the judgment (ECF No. 120); on February 16, 2017, Defendants filed an opposition to the same;

3) On February 13, 2017, Plaintiff filed a motion for leave to file a supplemental complaint (ECF No. 123), on February 22, 2017, he lodged a supplemental complaint (ECF No. 126), and also on February 22, 2017, Defendants filed a motion to strike the same (ECF No. 125);

4) On February 27, 2017, Plaintiff filed a motion for Court action (ECF No. 127); and

5) On March 6, 2017, Plaintiff filed a motion for a thirty day extension of time to file a reply to Defendants' opposition to Plaintiff's motion to alter the judgment (ECF No. 128).

## II. Plaintiff's Late Filed Objections

Plaintiff states that he did not receive the Magistrate Judge's F&R until fourteen days after they were served, and was thus unable to timely file his objections. (ECF No. 118.) In the interest of fairness, the Court will grant Plaintiff's motion for an extension of

2

time to file objections. Having reviewed Plaintiff's objections, the Court finds them to lack merit. Indeed, his objections are not actually objections, but rather new arguments stating why Plaintiff should be permitted to file a supplemental complaint to add new facts occurring after the case was filed. For the reasons stated below in subsection IV, this request will be denied.

**III.    Motion to Alter or Amend Judgement**

Plaintiff moves to amend the Court's judgment under Federal Rule of Civil Procedure 59(e) on the grounds that he did not have an opportunity to object to the Magistrate Judge's F&R prior to the dismissal of his case.

"It is appropriate for a court to alter or amend judgment under Rule 59(e) if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir.2001).  None of these circumstances exist here. As stated in the preceding subsection, the Court has reviewed Plaintiff's objections, and found them to lack merit. There is no indication that, had Plaintiff's objections been timely filed and considered by this Court, the outcome of the case would have been any different. Therefore, the motion to alter the judgment will be denied. As such, Plaintiff's motion for an extension of time to file a reply to Defendants' opposition to said motion is also denied.

**IV.    Leave to File Supplemental Complaint**

Plaintiff seeks leave to file a supplemental complaint, citing the reasons put forth in his objections to the F&R. Federal Rule of Civil Procedure 15(d) permits a party, with leave of the Court, to file a supplemental complaint setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Rule 15(d) does not require the moving party to satisfy a transactional test, but there must still be a relationship between the claim in the original pleading and the claims sought to be added. Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988).  Thus, "[w]hile

3

leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted). When new parties are added to the pleading, those individuals must be connected to the original claims. See Griffin v. County Sch. Bd. of Prince Edward Cnty., 377 U.S. 218, 226–27 (1964).

Here, it is clear that Plaintiff's supplemental pleading seeks to add a new and distinct cause of action against new Defendants. Plaintiff's original pleading challenged a 2012 policy disallowing the construction of new worship grounds at the California Substance Abuse Treatment Facility ("CSATF"). That policy, as everyone concedes, has been discontinued. Furthermore, Plaintiff is no longer housed at CSATF, and would therefore not benefit from any injunctive relief implemented there.

By comparison, Plaintiff's supplemental pleading challenges a completely new policy, implemented in 2015, that permits the construction of new worship grounds at CDCR institutions generally, but imposes new restrictions that Plaintiff contends creates an even greater burden on his religious exercise.

As Plaintiff has been advised on at least two separate occasions, these new claims belong in a separate lawsuit. (See ECF Nos. 43 & 110). The motion to file a supplemental complaint will be denied.

**V.   Motion for Court Action**

Finally, Plaintiff filed a motion effectively inquiring into the status of the above-listed filings. (ECF No. 127.) To the extent those filings are disposed of by this order, Plaintiff's motion for Court action is rendered moot, and therefore will be denied.

**VI.   Conclusion**

This case is now closed. If Plaintiff seeks further review of his claims, he should pursue an appeal.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file objections to the F&R (ECF

No. 118) is GRANTED;

2. Plaintiff's motion to alter the judgment (ECF No. 120) is DENIED;

3. Plaintiff's motion for an extension of time to file a reply to Defendants' opposition to Plaintiff's motion to alter the judgment (ECF No. 128) is DENIED;

4. Plaintiff's motion to file a supplemental complaint (ECF No. 123) is DENIED;

5. Plaintiff's motion for Court action (ECF No. 127) is DENIED; and

6. The Clerk of Court is directed to terminate all other pending motions as MOOT.

IT IS SO ORDERED.

Dated: **May 3, 2017**   /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE